IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DEBRA S. FOSTER; BEASLEY SINGLETON; LOUVENIA MCCRAY; DR. RICHARD MARTIN, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) CIVIL ACTION NO. 2:11-cv-503-WHA-CSC |
| | ) (WO) |
| AUBURN UNIVERSITY MONTGOMERY; KATHERINE JACKSON | ) ) ) ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

**I. INTRODUCTION AND PROCEDURAL HISTORY**

This case is before the court on a Motion to Sever (Doc. # 11) filed by Defendants Auburn University Montgomery ("AUM") and Dr. Katherine Jackson ("Jackson") on July 20, 2011.

The Plaintiffs, Debra S. Foster ("Foster"), an African-American female, Beasley Singleton ("Singleton"), an African-American male, Louvenia McCray ("McCray"), an African-American female, and Dr. Richard Martin ("Martin"), a white male, filed a Complaint in this court on June 24, 2011, alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination in Employment Act ("ADEA"), and the Americans with Disabilities Act ("ADA"). Those claims are as follows: all the Plaintiffs bring claims for a racially hostile working environment in violation of Title VII (Count One), race and gender discrimination in violation of Title VII (Count Two), retaliation in violation of Title VII (Count

Three), negligence and wantonness in the hiring and supervision of its agents (Count Four), age discrimination in violation of the ADEA (Count Six[1]), and Foster alone brings an ADA violation claim (Count Seven).  On July 20, 2011, the Defendants jointly moved this court to sever the Plaintiffs' claims into four separate suits on the basis that the Plaintiffs were joined improperly under Rule 20(a) of the Federal Rules of Civil Procedure.  On August 8, 2011, the Plaintiffs filed an Opposition to the Defendants' Motion to Sever, and on August 18, 2011, the Defendants filed a Reply to the Plaintiffs' Opposition.

    For reasons to be discussed, the Motion to Sever is due to be granted.

## II.  **MOTION TO SEVER STANDARD**

    "Under Rule 20 of the Federal Rules of Civil Procedure, people may join in one action as plaintiffs if they (1) assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences, **and** (2) any question of law or fact common to all plaintiffs will arise in the action." *Weatherly v. Alabama State University*, No. 2:10cv192-WHA, 2010 WL 1753190, at *2 (M.D. Ala April 30, 2010) (emphasis added). When evaluating the propriety of a specific instance of joinder, the court "is guided by the underlying purpose of joinder, which is to 'promote trial convenience and expedite the resolution of disputes, thereby eliminating unnecessary lawsuits.'" *Swan v. Ray*, 293 F.3d 1252, 1253 (11th Cir.2002) (per curiam) (quoting *Alexander v. Fulton County, Ga.*, 207 F.3d 1303, 1323 (11th Cir.2000)).

---

[1]The Plaintiffs appear to have skipped from Count Four to Count Six in the complaint.

Whenever a court has found that parties have been misjoined under Rule 20(a) of the Federal Rules of Civil Procedure, Rule 21 allows the court to "add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21. It is important to note that "[m]isjoinder of parties is not a grounds for dismissing an action," but rather gives the court the opportunity to "drop all but the first named plaintiff ... on condition that [the other plaintiffs] having been dropped from this lawsuit [are] without prejudice to their institution, individually, of suit against some or all of the present defendants based on the claims or claims attempted to be set forth in the present complaint." *Aaberg v. AcandS Inc.*, 152 F.R.D. 498, 501 (D. Md. 1994).

### III.  DISCUSSION

#### A. Rule 20(a) Analysis

In order for the Plaintiffs in this case to remain properly joined, their claims must meet the "arising out of the same transaction" prong and the "common question of law and fact" prong of Rule 20(a).

"'In ascertaining whether a particular factual situation constitutes a single transaction or occurrence for purposes of Rule 20, a case by case approach is generally pursued. No hard and fast rules have been established under the rule.'" *Grayson v. K-Mart Corp.*, 849 F. Supp. 785, 787 (N.D. Ga 1994) (quoting *Mosley v. General Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir.1974)).  In this case, even assuming the facts supporting the claims in the complaint to be true, the court cannot find any link among the Plaintiffs substantial enough to constitute a same transaction, occurrence, or series of transactions.

For instance, it does not appear that Plaintiffs' racially hostile work place claim and their race and gender discrimination claims are based on common proof. Any racial discrimination claim will necessarily rest on separate evidence since three plaintiffs are African American and one plaintiff is white. The gender discrimination claim will also be based on different evidence, since two plaintiffs are female and two are male. Therefore, the court finds that the Plaintiffs have not demonstrated a common transaction or series of transactions for the race and gender discrimination claims.

The Plaintiffs' retaliation claims, age discrimination claims, and negligence claims, as alleged in the Complaint, also stem from discrete factual scenarios. Foster was terminated from her position as Senior Director in the Department of Human Resources by Jackson on July 31, 2009. Singleton was laid off from his position as Housing Facilities Supervisor with the Department of Housing and Residence Life on September 30, 2010. McCray was laid off from her position as custodian with AUM on March 16, 2010. Lastly, Martin resigned after being denied tenure as AUM's Justice and Public Safety Department Head. Given the different departments, decision makers, and discrete dates associated with each Plaintiff's claim, the Complaint does not show any transaction or series of transaction that links these Plaintiffs for the retaliation, age discrimination, and negligence claims. The reasons given for these actions, which Plaintiffs contend were pretextual, are different.

Obviously, Foster's ADA claim is unique unto to her. Therefore, any facts relating to that claim will not form a transaction or series of transaction relating to the five claims.

Plaintiffs, in their Opposition to Defendant's Motion to Sever, attempt to find a unifying transaction or series of transactions by naming Chancellor Veres as the final decision maker for

AUM's actions against each individual Plaintiff.  (Doc. # 10 at 10).  By doing this, the Plaintiffs change the problem from one of unrelated evidence presented by each Plaintiff to prove his or her claim to a problem of contradictory evidence presented by each Plaintiff to prove his or her claim.  If Chancellor Veres is the person with ultimate responsibility, then the Plaintiffs will have to prove that he is discriminating against both African-Americans and whites, both males and female, etc.  This does not remedy the problem.  In fact, it serves to complicate the matter.

In the absence of a same transaction, occurrence, or series of transactions, this court need not continue in a Rule 20(a) analysis. *See* Fed. R. Civ. P. 20(a) (requiring both a transaction and a common question of law or fact for proper permissive joinder).  It is unlikely, however, that this court could find any question of law or fact common to all four Plaintiffs beyond the most basic: all four brought claims under the same laws, all worked at AUM, and all would have been subject to Chancellor Veres's authority as ultimate decision maker for AUM.  Moreover, the mere fact that all Plaintiffs claim harm under the same statute is not a sufficient basis for joinder. *See, e.g., Grayson v. K-Mart Corp.*, 849 F. Supp. 785, 789 (N.D.Ga. 1994) (citing *Smith v. North Am. Rockwell Corp.*, 50 F.R.D. 515, 524 (N.D.Okla. 1970), to explain that a common theory of law "is not sufficient" for permissive joinder).

A review of similar cases shines light on examples of appropriate and inappropriate joinder.  This court in *Weatherly v. Alabama State University*, denied a motion to sever the claims of three plaintiffs who claimed sexual harassment by the same individual. No. 2:10cv192-WHA, 2010 WL 1753190, at *3 (M.D. Ala April 30, 2010) .  Furthermore, two of the three plaintiffs originally supported the defendant during the in-house investigation about Weatherly's original claims. *Id.*  Those two then alleged similar sexual harassment at the hand of

5

the defendant. *Id.* This court found that the plaintiffs suffered under a series of similar transactions and that the plaintiffs had overlapping evidence that would be best served by litigating the claims together. *Id.* Accordingly, this court denied the motion to sever.

In contrast, the court in *Grayson*, found that severance was appropriate. 849 F. Supp. at 787-89 . In that case, eleven K-Mart store managers were all demoted, and all claimed that the demotion was part of K-Mart's corporate age discrimination policy. *Id.* Each of these managers ran a different store in different locations throughout the southeastern United States. *Id.* at 786. The court found that each demotion was its own discrete act and not part of a transaction or series of transactions. *Id.* at 788-789. The court granted the severance despite the fact that the plaintiffs were able to name one particular K-Mart corporate manager as an ultimate decision maker. *Id.* at 789. The fact that every plaintiff held the same job, received the same demotion, sued under the same law, sued for age discrimination, and could trace the harm back to an ultimate decision maker was not enough for the court to deny severance. Id. at 787-789.

This court finds that the present Plaintiffs' situation is akin to the *Grayson* facts and reaches the same result as that court. The Plaintiffs, while more geographically centered than those in *Grayson*, held different jobs, had different chains of command, belonged to different departments, left AUM's employ in different manners, and suffered different and contradictory types of discrimination. As in *Grayson*, the fact that all of the Plaintiffs can point towards Chancellor Veres as the ultimate decision maker is of no avail.

Given that the Plaintiffs have not demonstrated a transaction, occurrence, or series of transactions from which their claims arise, this court finds that the claims are due to be severed.

### B. Potential Prejudice

To reiterate, a court's decision to sever parties under Rule 21 should be tempered by the possibility of prejudice to the severed party.  *See Aaberg v. AcandS Inc.*, 152 F.R.D. 498, 501 (D. Md. 1994).  One such concern is the ability of the severed Plaintiffs to bring their claims without being barred by the statute of limitations. Claims brought under Title VII, the ADA, and the ADEA all must be brought within 90 days of receipt of the right-to-sue letter and each Plaintiff met this statute of limitations for the present law suit.  *See* 42 U.S.C. § 2000e-5(f)(1) (providing for a 90 day statute of limitations for Title VII); *see also Zillyette v. Capital One Financial Corp.*, 179 F.3d 1337, 1339 (11th Cir.1999) ("It is settled law that, under the ADA, plaintiffs must comply with the same procedural requirements to sue as exist under Title VII of the Civil Rights Act of 1964"); *see also Kerr v. McDonald's Corp.*, 427 F.3d 947, 951 (11th Cir.2005) (explaining the ADEA's statute of limitations).  Furthermore, negligence claims brought under Alabama law must be brought within two years of the harm.  *See Ala. Code* § 6-2-38(l).

Rule 21 relief for the Defendants, however, does not require, or ever allow for, dismissal of severed parties' claims, but instead requires the court to sever the cases into separate actions. Fed. R. Civ. P. 21.  Accordingly, this court will sever the Plaintiffs claims and will retain the first-named Plaintiff's action.  The remaining three cases will be split and appropriately assigned new case numbers.  However, this court will direct the Clerk of the Court to use the original Complaint (Doc. # 1) and its original filing date as the opening document for each of these three new actions.  In this way, the parties will not suffer prejudice through a time bar to their claims.

### IV. <u>CONCLUSION</u>

For the foregoing reasons, it is hereby ORDERED that:

Defendants' Motion to Sever (Doc. # 11) is GRANTED.

It is further ORDERED that:

1. Plaintiffs Singleton, McCray, and Martin are severed from the present action.

2. The Clerk is directed to assign new case numbers for separate Singleton, McCray, and Martin actions, with those actions to be assigned to the undersigned district judge and the same magistrate judge.

3. The Clerk is directed to open each new case with the Complaint (Doc. #1) from this case, and to file this order also with each new case.

4. The Clerk is directed to open each new case with the original filing date June 24, 2011.

5. Singleton, McCray, and Martin are DIRECTED to file amended complaints to appropriately plead their case as a single plaintiff pursuant to the relevant Federal Rules of Civil Procedure and Middle District of Alabama Rule 15.1 by September 16, 2011.

6. Foster is DIRECTED to file an amended complaint to appropriately plead her case as a single plaintiff pursuant to the relevant Federal Rules of Civil Procedure and Middle District of Alabama Rule 15.1 by September 9, 2011.

Done this 1st day of September, 2011.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE

A copy of this checklist is available at the website for the USCA, 11th Circuit at www.ca11.uscourts.gov
Effective on April 9, 2006, the new fee to file an appeal will increase from $255.00 to $455.00.

## CIVIL APPEALS JURISDICTION CHECKLIST

**1.** **Appealable Orders:** Courts of Appeals have jurisdiction conferred and strictly limited by statute:

   (a)   **Appeals from final orders pursuant to 28 U.S.C. § 1291:** Only final orders and judgments of district courts, or final orders of bankruptcy courts which have been appealed to and fully resolved by a district court under 28 U.S.C.§ 158, generally are appealable. A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Pitney Bowes, Inc. v. Mestre, 701 F.2d 1 365, 1 368 ( 11th Ci r. 1 983). A magistrate judge's report and recommendation is not final and appealable until judgment thereon is entered by a district court judge. 28 U.S.C. § 636(c).

   (b)   **In cases involving multiple parties or multiple claims,** a judgment as to fewer than all parties or all claims is not a final, appealable decision unless the district court has certified the judgment for immediate review under Fed.R.Civ.P. 54(b). Williams v. Bishop, 732 F.2d 885, 885- 86 (11th Cir. 1984). A judg ment which resolves all issues except matters, such as attorneys' fees and costs, that are collateral to the merits, is immediately appealable. Budinich v. Becton Dickinson & Co., 486 U.S.196, 201, 108 S.Ct. 1717, 1721-22, 100 L .Ed.2d 178 (1988); LaChance v. Duffy's Draft House, Inc., 146 F.3d 832, 837 (11th Cir. 1998).

   (c)   **Appeals pursuant to 28 U.S.C. § 1292(a):** Appeals are permitted from orders "granting, continuing, modifying, refusing or dissolving injunctions or refusing to dissolve or modify injunctions . . ." and from "[i]nterlocutory decrees . . . determining the rights and liabilities of parties to admiralty cases in which appeals from final decrees are allowed." Interlocutory appeals from orders denying temporary restraining orders are not permitted.

   (d)   **Appeals pursuant to 28 U.S.C. § 1292(b) and Fed.R.App.P. 5**: The certification specified in 28 U.S.C. § 1292(b) must be obtained before a petition for permission to appeal is filed in the Court of Appeals. The district court's denial of a motion for certification is not itself appealable.

   (e)   **Appeals pursuant to judicially created exceptions to the finality rule:** Limited exceptions are discussed in cases including, but not limited to: Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546, 69S.Ct. 1221, 1225-26, 93 L.Ed. 1528 (1949); Atlantic Fed. Sav. & Loan Ass'n v. Blythe Eastman Paine Webber, Inc., 890 F.2d 371, 376 (11th Cir. 1989); Gillespie v. United States Steel Corp., 379 U.S. 148, 157, 85 S.Ct. 308, 312, 13 L.Ed.2d 199 (1964).

Rev.: 4/04

2. **Time for Filing**: The timely filing of a notice of appeal is mandatory and jurisdictional. Rinaldo v. Corbett, 256 F.3d 1276, 1278 (11th Cir. 2001). In civil cases, Fed.R.App.P. 4(a) and (c) set the following time limits:

   (a) **Fed.R.App.P. 4(a)(1):** A notice of appeal in compliance with the requirements set forth in Fed.R.App.P. 3 must be filed in the district court within 30 days after the entry of the order or judgment appealed from. However, if the United States or an officer or agency thereof is a party, the notice of appeal must be filed in the district court within 60 days after such entry. **THE NOTICE MUST BE RECEIVED AND FILED IN THE DISTRICT COURT NO LATER THAN THE LAST DAY OF THE APPEAL PERIOD – no additional days are provided for mailing.** Special filing provisions for inmates are discussed below.

   (b) **Fed.R.App.P. 4(a)(3):** "If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later."

   (c) **Fed.R.App.P. 4(a)(4):** If any party makes a timely motion in the district court under the Federal Rules of Civil Procedure of a type specified in this rule, the time for appeal for all parties runs from the date of entry of the order disposing of the last such timely filed motion.

   (d) **Fed.R.App.P. 4(a)(5) and 4(a)(6):** Under certain limited circumstances, the district court may extend the time to file a notice of appeal. Under Rule 4(a)(5), the time may be extended if a motion for an extension is filed within 30 days after expiration of the time otherwise provided to file a notice of appeal, upon a showing of excusable neglect or good cause. Under Rule 4(a)(6), the time may be extended if the district court finds upon motion that a party did not timely receive notice of the entry of the judgment or order, and that no party would be prejudiced by an extension.

   (e) **Fed.R.App.P. 4(c):** If an inmate confined to an institution files a notice of appeal in either a civil case or a criminal case, the notice of appeal is timely if it is deposited in the institution's internal mail system on or before the last day for filing. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

3. **Format of the notice of appeal:** Form 1, Appendix of Forms to the Federal Rules of Appellate Procedure, is a suitable format. See also Fed.R.App.P. 3(c). A pro se notice of appeal must be signed by the appellant.

4. **Effect of a notice of appeal:** A district court loses jurisdiction (authority) to act after the filing of a timely notice of appeal, except for actions in aid of appellate jurisdiction or to rule on a timely motion of the type specified in Fed.R.App.P. 4(a)(4).